UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDRE C.T. WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03086-TWP-TAB |
| | ) |
| WEXFORD OF INDIANA LLC, | ) |
| DUSHAN ZATECKY Warden, | ) |
| JACK HENDRIX Commissioner of I.D.O.C., | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Andre C.T. Wells, an inmate at Pendleton Correctional Facility (PCF), filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Wells is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint names three defendants: (1) Wexford of Indiana, LLC; (2) Warden Dushan Zatecky; and (3) Jack Hendrix, Executive Director of Classification of Indiana Department of Correction ("IDOC").[1]

According to his complaint, Mr. Wells, normally housed in the K-5 range, was exposed to COVID-19 between April 3, 2020, and April 17, 2020, while housed in F-gym. This occurred after an inmate in K-5 was confirmed to have COVID-19, and Wexford employees began quarantining both symptomatic and asymptomatic K-5 inmates in the F-gym. Mr. Wells alleges that the defendants breached an agreement with the inmates to not introduce additional inmates into the gym, thereby increasing the possibility that sick inmates would infect healthy inmates in the poorly ventilated gym. He said the situation caused inmates in the gym to incite a riot that subjected Mr. Wells to harm.

On or around April 17, 2020, Mr. Wells tested negative for COVID-19 and was transferred from the gym to cell house DZ, where he began experiencing COVID-19 symptoms including headaches, fever, nausea, loss of sense of smell, and trouble breathing. Mr. Wells did not contact medical to report his symptoms because "his faith in Wexford of Indiana to treat a patient with basic human decency and prevent further spread of the virus was lost (after his experience with

---

[1] Mr. Wells incorrectly identifies Jack Hendrix as the Commissioner of IDOC in the caption of his complaint, but correctly identifies him as the Executive Director of Classification of IDOC in the body of his complaint. *See* dkt. 1 at 2.

being corralled with inmates who hadn't been tested and exposed to (and contracted) Covid 19)." Dkt. 1 at 5.

Mr. Wells alleges that all three defendants acted with deliberate indifference by placing him and other inmates in a gym that increased their exposure to COVID-19 without providing prophylactic measures. He alleges that defendants Wexford and Mr. Hendrix failed to train their employees to recognize and respond appropriately to a contagious virus which caused Mr. Wells' life to be jeopardized since he was born with asthma. The lack of training also contributed to the inciting of a riot in the F-gym.

Mr. Wells also contends that Warden Zatecky retaliated against Mr. Wells for filing a grievance complaining about his exposure to COVID-19 by denying Mr. Wells a hearing before finding him guilty of a major offense.

Mr. Wells seeks damages and injunctive relief.

### III. Discussion of Claims

The action **shall proceed** with an Eighth Amendment claim against Warden Zatecky based on allegations that the conditions of Mr. Wells' confinement reflect deliberate indifference to a serious threat to his health and safety. The Eighth Amendment claim shall be for damages and injunctive relief and shall proceed against Warden Zatecky in his personal and official capacities. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (observing that the proper government defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out."). Mr. Wells' Eighth Amendment policy or practice claim against Wexford **shall proceed**.

Mr. Wells' First Amendment retaliation claim against Superintendent Zatecky **shall proceed**.

Any claim against Mr. Hendrix is **dismissed for failure to state a claim.** "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) (citations omitted). And although "[s]upervisors may be liable under § 1983 for a failure to train, … the circumstances are extremely limited. Negligence, or a 'should have known' standard, is not enough. Rather, the plaintiff must [allege] that the defendant knew that his failure to train was likely to lead to constitutional violations." *Ghashiyah v. Frank*, No. 07-C-308-C, 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007) (citing *Kitzman–Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000), and *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Such factual allegations are absent from the complaint. Mr. Wells does not explain how Mr. Hendrix, as the director of inmate classification, would know that failing to train correctional officers about proper movement of prisoners within a facility during a novel pandemic would likely lead to a constitutional violation.

Any claim asserted pursuant to the Fifth Amendment is **dismissed** for failure to state a claim, because only state action, not action by the federal government, is alleged here. *Jackson v. Byrne*, 738 F.2d 1443, 1446 (7th Cir. 1984). Any claim under the Fourteenth Amendment is **dismissed** for failure to state a claim because Mr. Wells alleges no facts to support a violation of the Fourteenth Amendment.

This summary of claims includes all of the viable claims identified by the Court. If Mr. Wells believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 19, 2021**, in which to identify those claims.

### IV. Service of Process

The **clerk is directed** to terminate Jack Hendrix as a defendant in this action.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants (1) Wexford of Indiana, LLC, and (2) Warden Dushan Zatecky in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], exhibits, dkts. [1-1] and [1-2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Warden Zatecky and Wexford of Indiana, LLC, electronically.

**IT IS SO ORDERED.**

Date: 2/19/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ANDRE C.T. WELLS
196966
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to the following IDOC Employee at Pendleton Correctional Facility:
Warden Dushan Zatecky

Electronic service to Wexford of Indiana, LLC